## Gray, Sheriff of Jefferson County v. L. H. & St. L. Railway Company.

(Decided February 1, 1924.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

Taxation—Assessment for County Purposes upon Railroad's Report to auditor.—The assessment made upon the railroad's report to the auditor as of December 31st in any year should bear the tax rate levied for county purposes for the next ensuing fiscal year under Kentucky Statutes, section 4078a.

WILLIAM F. CLARKE for appellant.

WOODWARD & WARFIELD, TRABUE, DOOLAN, HELM & HELM, JAMES R. SKILLMAN and SIDNEY SMITH for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

As is required by section 4078a, Kentucky Statutes, appellee railroad company filed with the state auditor its report showing the amount, kind and value of its tangible property as of December 31, 1922. The single question presented by this appeal is whether the assessment based upon that report is subject to the county tax rate for the fiscal year of 1922 or 1923.

At the first session of the legislature following the adoption of the present state constitution, a comprehensive general revenue act was adopted, providing for the assessment for taxation of all classes and kinds of property, as contemplated by the new constitution. To this end, railroads and other corporations liable for franchise taxes were required to report their holdings, both tangible and intangible, to the auditor for assessment as of September 15th of each year, and individuals and other corporations were required to assess their property with local authorities as of the same date. These assessing dates for different kinds of property have been changed many times and separately, with the result that now railroads are required to report their tangibles as of December 31st of each year, and individuals to assess their taxable property as of July 1st.

It seems clear, therefore, that the legislature not only originally intended to create a system as nearly uniform as possible, but that by simply changing the dates of as-

sessment by different classes of owners of tangible property, the legislature had no intention that such property assessed in one calendar year should be available for taxes in different fiscal years, dependent only upon whether owned by railroads or individuals.

Indeed, it is doubtful if such a plan would not have offended section 174 of the constitution, which provides that:

"All corporate property shall pay the same rate of taxation paid by individual property,"

since the rates of taxation for county purposes vary for different years, and it would often result, under such a plan, that tangibles owned by railroads and individuals, though assessed in one year and near the same time, would bear different rates of taxation.

The assessment of tangibles owned by individuals, made by local authorities, whether as of September 1st, September 15th, or July 1st, as at different times provided, have uniformly been recognized as available for and bearing the rate levied for the fiscal year ending in the calendar year following the date of the assessment.

As the fiscal year for the county now ends with the calendar year, it is clear the assessment of individuals' tangibles made in one calendar year, bear the tax rate levied for the fiscal year beginning the first day of the following January.

It seems necessarily to follow, therefore, that the assessment made upon a railroad's report to the auditor of December 31st in any year shall likewise bear the tax rate levied for county purposes for the next ensuing fiscal year.

Hence we conclude that the court did not err in holding that the assessment made upon appellant's report to the auditor as of December 31st, 1922, should bear the rate of taxation levied for county purposes for the fiscal year 1923, and not that fixed for the fiscal year of 1922.

Judgment affirmed.